## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB LLC        :

       :    No. 2:15-cv-02836-NIQA

           Plaintiffs      :

     v.             :

       :

EXTREME GYM INC.         :

DAVID WAINWRIGHT       :

       :

           Defendants     :

## MOTION TO COMPEL

1.      On or about September 2, 2015, Defendants served the attached discovery requests consisting of Interrogatories and a Request for Production on Plaintiff, which are attached as Exhibit "A."

2.      On or about October 5, 2015, Plaintiff provided the attached inadequate responses, which are attached as Exhibit "B".

3.      This case was Stayed on October 9, 2015 pursuant to the Court's Order.

4.      On December 11, 2015, the Stay was lifted by the Court's Order.

5.      For the reasons more fully explained in the accompanying Memorandum of Law, Plaintiff's answers to Interrogatories and responses to the Requests for Production are inadequate. Although Plaintiff has objected to producing any information or documents in response to the majority of Defendants' Interrogatories and Request for Production, Plaintiff has also failed to provide any documents to date, even with respect to the documents it promised to produce. To the extent that Plaintiff states that it will produce certain documents or information only in the event that a protective order is in place, such position is without merit as the documents and information that Defendants have requested is not confidential, no protective

order has been entered into between the parties, and Defendants do not agree to enter into such an order.

6.      Defendants contacted Plaintiff by letter dated December 14, 2015 in order to resolve this discovery dispute and obtain the discovery responses to which Defendants are entitled.  A copy of the Defendants' letter is attached as Exhibit "D."

7.      Despite Defendants' good faith efforts to resolve the issue of Plaintiff's deficient discovery responses, Plaintiff has not responded to the above-referenced correspondence.

8.      Therefore, Defendants hereby move this Court pursuant to F.R.C.P. No. 37 for an Order compelling Plaintiff to answer Defendants' Interrogatories and Requests for Production of Documents dated September 2, 2015.  Plaintiff should be ordered to provide complete responses to all of the discovery requests which Defendants have served, including to the specific requests set forth in the accompanying Memorandum of Law, to which Plaintiff has objected.

WHEREFORE, Defendants request the Court enter an Order pursuant to F.R.C.P. No. 37 compelling Plaintiff to provide complete responses to Defendants' Interrogatories and Requests for Production of Documents dated September 2, 2015.

Respectfully submitted:
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

Date: December 29, 2015           By:   s/David J. Shannon
                                  David J. Shannon, Esquire
                                  Attorney ID. 74939
                                  Marshall, Dennehey, Warner,
                                  Coleman & Goggin
                                   2000 Market Street
                                   Philadelphia, PA 19103
                                   215.575.2615
                                   djshannon@mdwcg.com

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB LLC                          :
                                              :
                                              :    No. 2:15-cv-02836-NIQA
                        Plaintiffs            :
                  v.                          :
                                              :
EXTREME GYM INC.                              :
DAVID WAINWRIGHT                              :
                                              :
                        Defendants            :


## CERTIFICATION PURSUANT TO F.R.C.P. 37(a)(1)

I, David J. Shannon, Esquire, attorney for Defendants, Extreme Gym, Inc. and David

Wainwright, hereby certify that, after reasonable effort, the parties herein are unable to resolve

the discovery dispute presented in Defendants' Motion to Compel Plaintiff's Responses without

Court intervention.


**MARSHALL, DENNEHEY, WARNER**
**COLEMAN & GOGGIN**


Date:_____          By:___*s/David J. Shannon*_____
                              David J. Shannon, Esquire
                              Attorney ID. 74939
                              Marshall, Dennehey, Warner,
                              Coleman & Goggin
                          2000 Market Street
                          Philadelphia, PA 19103
                          215.575.2615
                          djshannon@mdwcg.com

# Exhibits A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB LLC                          :
                                           :
                                           :   No. 2:15-cv-02836-NIQA
       Plaintiffs      :
     v.                 :
                                           :
EXTREME GYM INC.                               :
DAVID WAINWRIGHT                               :
                                           :
       Defendants      :

## DEFENDANTS' INTERROGATORIES AND REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Pennsylvania Rule of Civil Procedure 4009.11, Defendants, Extreme Gym

Inc. and David Wainwright "EGI", by and through its counsel, Marshall, Dennehey, Warner,

Coleman & Goggin, hereby addresses the following Request for Production of Documents and

Things to Plaintiff, Live Face on Web LLC.

## **DEFINITIONS**

As used herein:

A.    "Address" means the present or last known street name and number, city or town, state and zip code.

B.    "Document" or "documents" means the original and identical or non-identical copy, regardless or origin or location, of any writing or record of any type or description, including but not limited to, the original and any copy of any book, pamphlet, periodical, letter, electronic communication, memorandum, telegram, report, record, study, inter-office or intra-office communication, handwritten or other note, working paper, chart, paper, graph, other written, recorded transcribed, punched, typed, filed or graphic matter, however produced or reproduced, to which defendant(s) have or have had access.

C.    "Identify", "identity" or "identification" means, when used in reference to:

(1)     a natural person, his or her:

     (a)     full name;
     (b)     home address;
     (c)     business address; and
     (d)     present or last known position, business affiliation and job description.

(2)     a company, corporation, association, partnership or any legal entity other than a natural person:

     (a)     its full name;
     (b)     a description of the type of organization or entity;
     (c)     the address of its principal place of business;
     (d)     the jurisdiction of its incorporation or organization; and
     (e)     the date of its incorporation or organization.

(3)     a document:

     (a)     its description (for example, a letter, memorandum, report, etc.);
     (b)     its title;
     (c)     its date;
     (d)     the number of pages thereof;
     (e)     the subject matter;
     (f)     the identity of its author, signer and any person who participated in its preparation;
     (g)     the identity of its addressee or recipient;
     (h)     the identity of each person to whom copies were sent and each person by whom copies were received;
     (i)     its present location; and
     (j)     the identity of its custodian.  (If any such document was, but is no longer in possession of or subject to the control of Defendant(s), state what disposition was made of it and when.

(4)     an oral communication:

     (a)     the date and time when it occurred;
     (b)     the place where it occurred;
     (c)     the complete substance of the communication;
     (d)     the identity of each person;
          (i)     to whom such communication was made;
          (ii)    by whom such communication was made;
          (iii)   who was present when such communication was made.

D.     "You" or "Yours" refers to the party to whom these requests are addressed.

E.     LFOW software refers to the copyrighted work referenced in Plaintiff's Complaint.

F.     To the extent any request may be read to contain no temporal limitation, each such request shall be deemed to span the period 1993-present.

## INSTRUCTIONS

1.     When identification of a person is requested herein, give his name, present or last known address (and if last known address, the last known date thereof), present and past positions, the name of each company which employed such person in each position, the inclusive dates of such employment during the time period applicable to these Requests, and the person whom he was representing or acting for, if any.

2.     When identification of a document or written communication is requested herein, give the type of document or written communication (e.g., memorandum, e-mail, telegram, agreement, letter, chart, etc.), the date, author, addressee, title, file and identifying number and symbol, subject matter and name and address of the custodian.

If any such document or written communication was, but is no longer, in your possession or subject to your control, state what disposition was made of it, the date thereof, and identify the person or persons responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

For documents or written communications which you had access to, but which are not in your possession, custody or control, set forth in addition to the information indicated above, the circumstances under which you had access to the documents or written communications.

In lieu of identification of a document or written communication, you may furnish simultaneously with the filing of the Response to these Requests, such document or written communication for inspection and copying by Defendant, at the offices of its counsel, 2000 Market Street, Philadelphia, Pennsylvania, provided that each such document or written

communication is segregated and identified as to each particular Request requesting an identification thereof.

3.      When identification of an oral communication is requested, identify the person making such communication, the person to whom such communication was made, and all other persons present at the time of such communication;  state the date of such communication;  state the place where such communication was held; or, if by telephone, the persons participating in the telephone call;  the person making the call, and the places where the persons participating in the call were located;  and state in detail the substance of such communication.

4.      Identify separately with each answer to each Request all sources of information provided in such answer with a description sufficient to use in a subpoena.

5.      In each instance where Requests are answered on information and/or belief, state the basis for such information and/or such belief.

6.      In each instance where you deny knowledge or information sufficient to respond to a Request or any part thereof, state the name and address of each person, if any, known to have such knowledge.

7.      In each instance where you aver insufficient knowledge or information as a ground for not providing information or for providing only a portion of the Request or any part thereof, describe the efforts made to locate information to respond to such Request.

8.      To the extent, if at all, that you object to any of the Requests herein, whether in whole or in part, on the ground that the information sought therein is privileged or confidential, you are to respond to as much of the Request as to which no privilege is claimed.

With respect to that part of the Request for which a privilege is claimed, you are to state whether the information is contained in any documents and/or was the subject of any oral communication.

If you claim that the attorney-client, attorney work product, or any other privilege is applicable to any document or communication, you shall, with respect to that document or communication:

        a.     State the date of the document or communication;

        b.     Identify each and every author of the document or person who communicated information or advice;

        c.     Identify each and every other person who prepared or participated in the preparation of the document or who participated in or was present when the communication occurred;

        d.     Identify each and every person who received the document or to whom the communication was made;

        e.     Identify each and every person from whom the document was received;

        f.     State the present location of the document and all copies thereof;

        g.     Identify each and every person who has or ever had possession, custody or control of the document or any copy thereof;  and

        h.     Provide sufficient further information concerning the document or communication and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

        9.     These Requests are continuing and whenever additional information responsive to them, but not supplied in Answer to them, is obtained by you, it shall be promptly supplied to

Defendant as though expressly requested by separate Requests.

## **INTERROGATORIES**

1. Set forth all facts which Plaintiff relies upon to support its claim, if any, that any Defendants infringed on Plaintiff's copyright.

2. Set forth all facts which Plaintiff relies upon to support its claim that Defendants used Plaintiff's copyright LFOW software at any time with willful intent to infringe upon Plaintiff's rights.

3. Describe in detail the manner in which Plaintiff first became aware that the LFOW Software was being used by Defendants, and include in your description the identity of the persons involved, date, time location and occasion of this first discovery.

4. Set forth the name(s) and address(es) of each person responsible for the development and creation of Plaintiff's LFOW software in any form.

5. Identify any license, assignments, consents to use, coexistence agreements and the like granted by or to Plaintiff concerning its LFOW software in any form.

6. Identify all instances where Plaintiff's LFOW software has been copied or used in any form by any person or entity other than Plaintiff and Defendants.

7. Identify the number of consumers that have purchased goods and services connected with Plaintiff's LFOW software copyright in any form.

8. Identify the approximate dollar amount of the annual sales generated by the goods and/or services for Plaintiff's LFOW software in any form in the United States since Plaintiff created the software.

9. Without reference to any allegation of sales or profits of Defendants, state with particularity all damages Plaintiff claims as a result of the conduct alleged in the Complaint.  Include in your answer a calculation of every element of damages claimed and the facts supporting all calculations and damages claimed.

10. Identify each person who participated in the preparation of Plaintiff's responses to these Interrogatories and who furnished any information in responses thereto.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Copies of all applications for registration, federal or state, of the copyright LFOW software.

2. Copies of all documents submitted by any entity or person to the U.S. Copyright Office in support of Plaintiff's registration of the LFOW software copyright.

3. Copies of all documents showing that Plaintiff has taken steps to authorize only approved third-party users to use the LFOW software copyright.

4. Copies of all documents showing that Plaintiff has vigorously enforced its rights against unauthorized third-party users of the LFOW software.

5. Copies of all documents in support of Plaintiff's contention that the LFOW software has been used by Defendants.

6.   Copies of all documents showing how Defendants made use of Plaintiff's LFOW software.

7.   Copies of all documents showing the originality of Plaintiff's LFOW software.

8.   Copies of all financial statements between the date of Plaintiff's first use in commerce of LFOW software and the present.

9.   Copies of all audit reports between the date of Plaintiff's first use in commerce of the copyright FOW software and the present.

10.  Copies of all documents showing Plaintiff's sales of products, services, and/or goods associated with the LFOW software copyright.

11.  Copies of all documents evidencing Plaintiff's attempts to protect the LFOW software copyright.

12.  Copies of all licensing agreements with third-party users of the LFOW software copyright.

13.  Copies of all letters sent to anyone alleging infringement of the Plaintiff's LFOW software copyright.

14.  Copies of all records which indicate sales of Plaintiff's goods, products, and/or services associated with the LFOW software from the date it was created to the present time.

15.  Copies of all records in support of Plaintiff's alleged damages.

16.  Copies of all writings, memorandum, notes, etc., concerning the claims in this lawsuit.

17. Copies of any and all licensing agreements between Plaintiff and any individual, corporation, partnership, sole proprietor, limited liability company, or any other form of entity, regarding the use of the copyright LFOW software.

18. Copies of any and all cease and desist letters from Plaintiff or any of its parent companies, subsidiaries, affiliates, agents or related entities to any individual, corporation, partnership, sole proprietor, limited liability company, or any other form of entity, relating to the use of the LFOW software. Further, produce any and all responses to the requested cease and desist letters.

19. Copies of all records, including accounting records relating to software developments by Plaintiff or any agent, employee, or contractor of Plaintiff of the LFOW software code.

20. Copies of any and all electronic data and hard copy documents relating to Plaintiff's profits, sales, figures, and earnings within the past three years and projected in the future.

21. Copies of all electronic data and/or all codes used to create Plaintiff's LFOW software and all codes.

22. A copy(ies) of the LFOW software from 2009 to the present.

23. All documents that refer or relate to Defendants.

24. All documents that refer or relate to Defendants' website.

25. All documents that refer or relate to any of these Interrogatories or Request for Production of Documents in the possession of Edward Shcherbakov.

26. All documents that refer or relate to any of these Interrogatories or Request for Production of Documents in the possession of Yury Getsky.

27. All documents that refer or relate to Edward Shcherbakov.

28. All documents that refer or relate to Yury Getsky.

Respectfully submitted:
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


Date:___09/02//15_____          By:__*s/David J. Shannon*_____
                                          David J. Shannon, Esquire
                                          Attorney ID. 74939
                                          Marshall, Dennehey, Warner,
                                          Coleman & Goggin
                                          2000 Market Street
                                          Philadelphia, PA 19103
                                          215.575.2615
                                          djshannon@mdwcg.com

## CERTIFICATE OF SERVICE

I, David J. Shannon, Esquire, of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 31st day of August, 2015, I served a copy of the foregoing Interrogatories and Request for Production of Documents via U.S. Mail, as follows:

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

Date:_____

By:___*s/David J. Shannon*_____
 David J. Shannon, Esquire
 Attorney ID. 74939
 Marshall, Dennehey, Warner,
 Coleman & Goggin
 2000 Market Street
 Philadelphia, PA 19103
 215.575.2615
 djshannon@mdwcg.com

# Exhibits B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

      **Plaintiff,**

  **vs.**

EXTREME GYM, INC.,
a Delaware Corporation,

**and**

DAVID WAINWRIGHT
an individual,

      **Defendants.**

Case No.: 2:15-cv-02836-NIQA

**PLAINTIFF'S RESPONSES TO DEFENDANT(S), EXTREME GYM, INC., and DAVID WAINWRIGHT SET OF INTERROGATORIES**

Plaintiff, Live Face On Web, LLC ("LFOW"), through its undersigned counsel, hereby answers Defendants, Extreme Gym, Inc., and David Wainwright, Interrogatories, number by corresponding number, as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

      Set forth all facts which Plaintiff relies upon to support its claim, if any, that any Defendants infringed on Plaintiff's copyright

**Response:**    **Plaintiff objects to this request as unduly burdensome and impossible to respond completely, as Plaintiff cannot possibly recite in an interrogatory response every single fact supporting its claim, some of which may be unknown at this time because it is**

early in discovery. The complaint and the pleadings speak for themselves. Generally speaking, Defendants used, operated and had control over Plaintiff's registered software for their business on two (2) of their websites www.theextremegym.com and www.extremegymfranchise.com, for their franchises in Texas, Arkansas and New Jersey, without Plaintiff's knowledge, consent or contractual agreement for compensation to Plaintiff.

**INTERROGATORY NO. 2:**

Set forth all facts which Plaintiff relies upon to support its claim that Defendants used Plaintiff's copyright LFOW software at any time with willful intent to infringe upon Plaintiff's rights.

**Response:**   **LFOW objects to this interrogatory as premature.  Defendants have yet to produce responsive documents to LFOW's requests.  Currently LFOW is unaware of evidence supporting a finding that Defendants willfully intended to infringe, but discovery is ongoing.**

**INTERROGATORY NO. 3:**

Describe in detail the manner in which Plaintiff first became aware that LFOW Software was being used by Defendants, and include in your description the identity of the persons involved, date, time location and occasion of this first discovery.

**Response:**

**LFOW located Defendants' infringement as a result of a search performed by Eduard Shcherbakov in or about January 2015.**

**INTERROGATORY NO. 4:**

Set forth the name(s) and address(es) of each person responsible for the development and creation of Plaintiff's LFOW software in any form.

**Response:**   Eduard Shcherbakov, CEO of LFOW.   The business address is 1300 Industrial Blvd. #212, Southampton, PA 18966, but Mr. Shcherbakov can be contacted through counsel for LFOW.

**INTERROGATORY NO. 5:**

Identify any license, assignments, consents to use, coexistence agreements and the like granted by or to Plaintiff concerning its LFOW software in any form.

**Response:**   LFOW objects to Defendants' definition of LFOW, which includes various third parties that are not involved in this action and for whom LFOW cannot respond. LFOW's responses are limited to Live Face On Web, LLC.  LFOW objects to this request as vague, overbroad and irrelevant.  LFOW's standard license form is the basis for any specific licenses, and therefore the identity of specific licenses is irrelevant.  LFOW further objects to this request to the extent it requires the disclosure of confidential information where no protective order has been entered.

**INTERROGATORY NO. 6:**

Identify all instances where Plaintiff's LFOW software has been copied or used in any form by any person or any entity other than Plaintiff and Defendants.

**Response:**   LFOW objects to Defendants' definition of LFOW, which includes various third parties that are not involved in this action and for whom LFOW cannot respond. LFOW's responses are limited to Live Face On Web, LLC.  LFOW objects to this request as vague, overbroad and irrelevant as the claims against Defendants are not contingent on any other users.

**INTERROGATORY NO. 7:**

Identify the number of consumers that have purchased goods and services connected with

Plaintiff's LFOW software copyright in any form.

**Response:** **LFOW objects to Defendants' definition of LFOW, which includes various third parties that are not involved in this action and for whom LFOW cannot respond. LFOW responses are limited to Live Face On Web, LLC. LFOW to this request as vague, overbroad and irrelevant. LFOW's standard license form is the basis for any specific licenses, and therefore the identity of specific licenses is irrelevant. LFOW further objects to this request to the extent it requires the disclosure of confidential information.**

### INTERROGATORY NO. 8:

Identify the approximate dollar amount of the annual sales generated by the goods and/or services for Plaintiff's LFOW software in any form in the United States since Plaintiff created the software.

**Response:** **LFOW objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. LFOW further objects to this request as vague and ambiguous as "in any form". LFOW further objects to this request to the extent it seeks financial data on LFOW' income and revenue, as this is confidential data and Defendant has yet to execute a confidentiality agreement or agree to the entry of a protective order.**

**LFOW uses standard license terms and licenses the LFOW software based on a minimum monthly royalty of $6,900.00 per month plus the standard fees for video production. LFOW will produce a copy of the standard license terms under Rule 33(d).**

### INTERROGATORY NO. 9:

Without reference to any allegation of sales of profits of Defendants, state with particularity all damages Plaintiff claims as a result of the conduct alleged in the Complaint. Include in your answer a calculation of every element of damages claimed and the facts supporting all calculations and damages claimed.

**Response:** **Plaintiff objects to this request as unduly burdensome and impossible to**

respond completely, as Plaintiff cannot possibly recite in an interrogatory response every single fact supporting its claim for damages, some of which may be unknown at this time because it is early in discovery. Defendants have yet to produce responsive documents to LFOW's requests, including documents verifying the timeframe during which Defendants infringed. LFOW further objects to this request to the extent it seeks financial data on LFOW's income and revenue, as this is confidential data and Defendants have yet to execute a confidentiality agreement. LFOW expects a financial expert to analyze issues of damages.

LFOW calculates its loss of income based on a minimum monthly royalty of $6,900.00 per month of Defendants' infringement, plus the standard fee of $842.95 for each 60 second video production. LFOW also seeks Defendants' profits pursuant to 17 U.S.C. §504, but is yet to receive Defendants' gross revenue under the statute.

**INTERROGATORY NO. 10:**

Identify each person who participated in the preparation of Plaintiff's responses to the Interrogatories and who furnished any information in responses thereto.

**Response:**     Eduard Shcherbakov, CEO of LFOW.

Dated: <u>October 5, 2015</u>.                    Respectfully submitted,

                                          <u>/s/ Leonard B. Zoftis, Esq.</u>
                                         Leonard B. Zoftis, Esq.
                                         Pennsylvania Bar No. 78620
                                         lzlaws@aol.com
                                         lezo14@aol.com

                                         Law Offices of Leonard B. Zoftis
                                         12030 Bustleton Ave.
                                         Philadelphia, PA 19116
                                         Telephone: (215) 969-3004
                                         Facsimile:  (215) 969-3990
                                         Attorney for Plaintiff, Live Face on Web, LLC

## CERTIFICATE OF SERVICE

I, Leonard Zoftis, Esquire, hereby certify that a true and correct copy of the foregoing has

been transmitted by electronic mail on October 5, 2015, to the following parties of record listed

below:

David J. Shannon, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
2000 Market Street
Philadelphia, PA 19103
djshannon@mdwcg.com

Jonathan E. Cross, Esquire
Marshall, Dennehey, Warner,
 Coleman & Goggin
2000 Market Street
Philadelphia, PA 19103
jecross@mdwcg.com


*/s/ Leonard Zoftis*
Leonard Zoftis, Esquire
Pennsylvania Bar No. 78620
lzlaws@aol.com
lezo14@aol.com

Law Offices of Leonard B. Zoftis
12030 Bustleton Ave.
Philadelphia, PA 19116
Telephone: (215) 969-3004
Facsimile: (215) 969-3990
Attorney for Plaintiff, Live Face on Web, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

        **Plaintiff,**

vs.

EXTREME GYM, INC.,
a Delaware Corporation,

and

DAVID WAINWRIGHT
an individual,

        **Defendants.**

Case No.: 2:15-cv-02836-NIQA

## PLAINTIFF'S RESPONSES TO DEFENDANT(S), EXTREME GYM, INC., and DAVID WAINWRIGHT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Live Face On Web, LLC ("LFOW"), through its undersigned counsel, hereby answers Defendants, Extreme Gym, Inc., and David Wainwright, Request For Production of Documents, number by corresponding number, as follows:

### GENERAL OBJECTION

LFOW objects to each of these requests to the extent they seek confidential, proprietary and trade secret documents. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW further objects to these requests to the extent any seeks documents protected by the attorney client and/or work product privileges.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Copies of all applications for registration, federal or state, of the copyright LFOW software.

**Response:    LFOW will produce copies of the applications, to the extent they are in LFOW's possession, custody or control.**

**REQUEST NO. 2:**

Copies of all documents submitted by any entity or person to the U.S. Copyright Office in support of Plaintiff's registration of the LFOW software copyright.

**Response:    LFOW objects to this as vague and confusing as to the specific documents sought. LFOW understands this request to seek the copyright application for the LFOW software, which will be produced.**

**REQUEST NO. 3:**

Copies of all documents showing that Plaintiff has taken steps to authorize only approved third-party users to use the LFOW software copyright.

**Response:    LFOW objects to this as vague and confusing as to the specific documents sought. To the extent understood, this request is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST NO. 4:**

Copies of all documents showing that Plaintiff has vigorously enforced its rights against unauthorized third-party users of the LFOW software.

**Response:    LFOW objects to this as vague and confusing as to the specific documents sought. To the extent understood, this request is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST NO. 5:**

Copies of all documents in support of Plaintiff's contention that the LFOW software has been used by Defendants.

**Response:**     **LFOW will produce documents in response to this request.**

**REQUEST NO. 6:**

Copies of all documents showing how Defendants made use of Plaintiff's LFOW software.

**Response:**     **LFOW will produce documents in response to this request.**

**REQUEST NO. 7:**

Copies of all documents showing the originality of Plaintiff's LFOW software.

**Response:**     **LFOW objects to this as vague and confusing as to the specific documents sought. To the extent understood, LFOW will produce responsive documents.**

**REQUEST NO. 8:**

Copies of all financial statements between the date of Plaintiff's first use in commerce of LFOW software and the present.

**Response:**     **LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because it seeks a level of detail for LFOW's financial information not related to the action. Subject to these objections, and once a suitable protective order is entered, LFOW will produce non-privileged documents evidencing LFOW's annual revenue.**

**REQUEST NO. 9:**

Copies of all audit reports between the date of Plaintiff's first use in commerce of the copyright FOW software and the present.

**Response:**     **LFOW objects to this as vague and confusing as to the specific documents sought.**

**REQUEST NO. 10:**

Copies of all documents showing Plaintiff's sales of products, services, and'or goods associated with the LFOW software copyright.

**Response:**     **LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because it seeks a level of detail for LFOW's financial information not related to the action. Subject to these objections, and once a suitable protective order is entered, LFOW will produce non-privileged documents evidencing LFOW's annual revenue.**

**REQUEST NO. 11:**

Copies of all documents evidencing Plaintiff's attempts to protect the LFOW software copyright.

**Response:**     **LFOW objects to this as vague and confusing as to the specific documents sought. To the extent this request seeks documents from other litigation, LFOW further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST NO. 12:**

Copies of all licensing agreements with third-party users of the LFOW software copyright.

**Response:   LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because all licenses are based on the standard form license, which will be produced. LFOW further objects to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks licenses unrelated to the asserted LFOW Software.**

**REQUEST NO. 13:**

Copies of all letters sent to anyone alleging infringement of the Plaintiff's LFOW software copyright.

**Response:   LFOW objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Infringement by third parties has no relevance to this action against Defendants.**

**REQUEST NO. 14:**

Copies of all records which indicate sales of Plaintiff's goods, products, and/or series associated with the LFOW software from the date it was created to the present time.

**Response:   LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because**

all licenses are based on the standard form license, which will be produced. LFOW further objects to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks licenses unrelated to the asserted LFOW Software. LFOW further objects to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks detail at the individual transaction level.

**REQUEST NO. 15:**

Copies of all records in support of Plaintiff's alleged damages.

**Response:**    LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. Upon entry of a protective order or confidentiality agreement LFOW will produce documents it intends to rely on to support its damages.

**REQUEST NO. 16:**

Copies of all writings, memorandum, notes, etc., concerning the claims in this lawsuit.

**Response:**    LFOW objects to this as vague and confusing as to the specific documents sought. To the extent this request seeks legal analysis and work product regarding this case, LFOW objects based on the attorney client and work-product privileges.

**REQUEST NO. 17:**

Copies of any and all licensing agreements between Plaintiff and any individual, corporation, partnership, sole proprictor, limited liability company, or any other form of entity, regarding the use of the copyright LFOW software.

**Response:**    LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a

protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because all licenses are based on the standard form license, which will be produced. LFOW further objects to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks licenses unrelated to the asserted LFOW Software.

**REQUEST NO. 18:**

Copies of any and all cease and desist letters from Plaintiff or any of its parent companies, subsidiaries, affiliates, agents or related entities to any individual, corporation, partnership, sole proprietor, limited liability company, or any other form of entity, relating to the use of the LFOW software. Further, produce any and all responses to the requested cease and desist letters.

**Response:**     **LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW settlement agreements also include confidentiality provisions that may preclude the production of responsive documents. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW further objects to this request as irrelevant, as the resolution of other disputes are unrelated to LFOW's claims against Defendant in this action.**

**REQUEST NO. 19:**

Copies of all records, including accounting records relating to software developments by Plaintiff or any agent, employee, or contractor of Plaintiff of the FLOW software code.

**Response:**     **LFOW objects to this as vague and confusing as to the specific documents sought. To the extent this request seeks documents showing the development of the LFOW software, LFOW will produce documents evidencing the source code.**

**REQUEST NO. 20:**

Copy of any and all electronic data and hard copy documents relating to Plaintiff's profits, sales, figures, and earnings within the past three years and projected in the future.

**Response:     LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because it seeks a level of detail for LFOW's financial information not related to the action. Subject to these objections, and once a suitable protective order is entered, LFOW will produce non-privileged documents evidencing LFOW's annual revenue.**

**REQUEST NO. 21:**

Copies of all electronic data and/or all codes used to create Plaintiff's LFOW software and all codes.

**Response:     LFOW objects to this as vague and confusing as to the specific documents sought. To the extent this request seeks documents showing the development of the LFOW software, LFOW will produce documents evidencing the source code.**

**REQUEST NO. 22:**

A copy(ies) of the FLOW software from 2009 to the present.

**Response:     LFOW objects to this request as overly broad and unduly burdensome to the extent it seeks source code from every copy of software created by LFOW prior to Version 7.0.0. Subject to these objections, LFOW will produce a copy of all numbered versions of LFOW's software.**

**REQUEST NO. 23:**

All documents that refer or relate to Defendants.

**Response:   LFOW objects to this as vague, confusing, overly broad and unduly burdensome, in that it does not identify specific documents sought. LFOW will produce documents supporting its claim for infringement against Defendants.**

**REQUEST NO. 24:**

All documents that refer or relate to Defendants' website.

**Response:   LFOW objects to this as vague, confusing, overly broad and unduly burdensome, in that it does not identify specific documents sought. LFOW will produce documents supporting its claim for infringement against Defendants.**

**REQUEST NO. 25:**

All documents that refer or relate to any of these Interrogatories or Request for Production of Documents in the possession of Edward Shcherbakov.

**Response:   LFOW objects to this request as seeking documents in the possession of a non-party. LFOW will produce documents referenced in the interrogatories in LFOW's possession, custody or control.**

**REQUEST NO. 26:**

All documents that refer or relate to any of these Interrogatories or Request for Production of Documents in the possession of Yury Getsky.

**Response:   LFOW objects to this request as seeking documents in the possession of a non-party. LFOW will produce documents referenced in the interrogatories in LFOW's possession, custody or control.**

**REQUEST NO. 27:**

All documents that refer or relate to Edward Shcherbakov.

**Response:**   **LFOW objects to this as vague, confusing, overly broad and unduly burdensome, in that it does not identify specific documents sought. LFOW will produce documents supporting its claim for infringement against Defendants.**

**REQUEST NO. 28:**

All documents that refer or relate to Yury Getsky.

**Response:**   **LFOW objects to this as vague, confusing, overly broad and unduly burdensome, in that it does not identify specific documents sought. LFOW will produce documents supporting its claim for infringement against Defendants.**

Dated: <u>October 5, 2015</u>.                         Respectfully submitted,

<u>   /s/ Leonard B. Zoftis, Esq.   </u>
Leonard B. Zoftis, Esq.
Pennsylvania Bar No. 78620
lzlaws@aol.com
lezo14@aol.com

Law Offices of Leonard B. Zoftis
12030 Bustleton Ave.
Philadelphia, PA 19116
Telephone: (215) 969-3004
Facsimile:  (215) 969-3990
Attorney for Plaintiff, Live Face on Web, LLC