# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | | |
|---|---|---|
| **LIVE FACE ON WEB, LLC.** | : | |
| a Pennsylvania Company | : | |
| | : | |
| Plaintiff(s) | : | Case No.: 2:15-cv-02836-NIQA |
| | : | |
| v. | : | |
| | : | |
| **EXTREME GYM INC.** | : | |
| **DAVID WAINWRIGHT** | : | |
| | : | |
| Defendant(s) | : | |

## MOTION TO COMPEL

1.      On or about September 14, 2015, (via Fed Ex overnight service) Plaintiff served the attached discovery request consisting of Interrogatories, Request for Admissions and a Request for Production on Defendants, which are attached as Exhibit "A."

2.      The case was Stayed on October 9, 2015 pursuant to the Court's Order.

3.      On December 11, 2015, the Stay was lifted by the Court's Order.

4.      On December 14, 2015, the Court issued the attached Order directing discovery to be completed with fourteen (14) days, which is attached as Exhibit "B."

5.      On or about December 17, Defendants provided responses to Plaintiff's discovery of September 14, 2015.

6.      Upon review of responses to Plaintiff's discovery Defendants responses are inadequate, which are attached as Exhibit "C."

7.      Despite Plaintiff's efforts to resolve the issue of Defendants' inadequate/non-response, Defendants have not responded.

8.      Therefore, Plaintiff hereby moves this Court pursuant to F.R.C.P. No. 37, for an Order compelling Defendants to answer Plaintiff's Interrogatories and Requests for Production of Documents dated September 14, 2015. Defendants should be ordered to provide complete responses to all of the discovery requests which Plaintiff has served.

WHEREFORE, Plaintiff requests the Court enter an Order pursuant to F.R.C.P. No. 37 compelling Defendants to provide complete responses to Plaintiff's Interrogatories and Requests for Production of Documents dated September 14, 2015.


                                        Respectfully submitted:
                                        LEONARD B. ZOFTIS, ESQ.

Dated: January 7, 2016          By:     _/s/ Leonard B. Zoftis, Esq._____
                                        Leonard B. Zoftis, PA Bar No. 78620
                                        The Law Offices of Leonard Zoftis
                                        12030 Bustleton Avenue
                                        Philadelphia, PA 19116
                                        Tel.    (215) 969-3004
                                        Fax     (215) 969-3990
                                        lzlaws@aol.com
                                        Attorney for Plaintiff, Live Face on Web, LLC

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

        **Plaintiff,**

vs.

EXTREME GYM, INC.,
DAVID WAINWRIGHT

        **Defendant(s)**

Case No.: 2:15-cv-02836-NIQA

PLAINTIFF'S FIRST
REQUESTS FOR
PRODUCTION OF
DOCUMENTS

 

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Live Face on Web, LLC, requests that, within thirty days of service of these papers, Defendant(s), Extreme Gym, Inc., and David Wainwright, produce at the offices of Plaintiff's attorneys of record the documents and things described below and permit inspection, copying, testing, and sampling of the same.

## DEFINITIONS

1.    The term "LFOW" refers to Plaintiff Live Face on Web, LLC.

2.    The terms "you" or "your" refers to Defendants, Extreme Gym, Inc., and David Wainwright.

3.    The term "Tweople" refers to Tweople, Inc.

4.    The term "your website" means the website at domain name http://ucfactors.com and any other website(s) under your control.

5. The term "relevant time frame" defines the dates for which information is sought in these request, and includes dates from year 2010 until the present, unless a specific request provides a different time frame.

6. "Hits and Visitors" means any and all times that a non-unique visitor to a website accesses a page, or part thereof, of a given URL, Web Server, Web Site and Web Page.

7. The term "page views" refers to each time a page on a website is viewed. Page views, as defined herein, should not be confused with "hits" which are the number of requests made to a web server (e.g., a single page with three images that is viewed by a user will have one "page view" but at least four "hits" to the server to load all the images and text).

8. The term "conversion rate" refers to the proportion of visitors to a website that purchase goods and/or services based on visiting that website.

9. The term "website spokesperson video" refers to any video that has appeared on your website promoting your products and/or services.

10. The term "document" includes everything covered by the terms document and electronically stored information as used in Rule 34 of the Federal Rules of Civil Procedure; includes everything covered by the terms writing, recording, and photograph as used in Rule 1001 of the Federal Rules of Evidence; refers to the original and all copies, and any non-identical copies; and includes written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, such as (by way of example and not by way of limitation) letters, correspondence, notes, memoranda, invoices, purchase orders, records, minutes, messages, interoffice communications, diaries, reports,

studies, summaries, analyses, tables, tabulations, charts, bills, contracts, agreements, orders, receipts, drawings, sketches, photographs, facsimiles, advertisements, promotional literature, operating manuals, instructions, bulletins, cables, telegrams, tape or other recordings, test data, reports, spreadsheets, electronic mail, and any other electronically stored information stored on (by way of example and not by way of limitation) hard drives, cloud storage, floppy disks, USB flash drives, magnetic tapes, zip drives, DVDs, CD-ROMs, mainframe computers, Internet websites, intranet websites, desktop computers, home computers, laptops, tablets, mobile or handheld devices, computer back-ups, and retired computer systems.

11.     The terms "individual" and "entity" each include natural persons, corporate or other business entities, and all other forms of legal entities.

## REQUESTS FOR PRODUCTION

1.     Any and all documents referred to or relied upon in preparing your Answers to Plaintiff's Interrogatories.

2.     Any and all documents identified by you in response to Plaintiff's Interrogatories.

3.     A copy, in native format, of your website(s) on the date of the complaint.

4.     A copy, in native format, of your website(s) on www.theextremegym.com and www.extremegymfranchise.com.

5.     Documents sufficient to identify all products and services advertised on your website(s) during the relevant time frame.

6.     Copies of any commercial general liability policies including you as an insured that are or have been in effect during the relevant time frame.

7. All documents which support your denials of any allegations in the complaint.

8. All documents which support your affirmative defense(s).

9. Documents sufficient to identify all individuals and entities responsible for implementing modifications to your website during the relevant time frame.

10. All documents identifying any website(s) metrics collected for your website(s) during the relevant time frame.

11. All documents relating to the modification of your website(s) or web server(s) to include the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js.

12. Documents sufficient to identify the date on which your website(s) or web server(s) was modified to include the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js.

13. Documents sufficient to identify any URLs, websites or web servers which include the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js.

14. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to include a link to the file main_vsp.js.

15. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove a link to the file main_vsp.js.

16. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to include the file main_vsp.js.

17. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove the file main_vsp.js.

18. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove or disable the source code of HTMLscript tag: http://awsvidclips.com/main_vsp.js.

19. Documents sufficient to identify any URLs, websites and web servers which include(d) a link to any file or page on the following Internet domains: http://tweople.com, http://awsvidclips.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com.

20. A copy of every video that were launched using the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js.

21. Documents sufficient to identify any videos launched using a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://awsvidclips.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com.

22. All documents related to or referring to the creation of any video file launched using the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js.

23. All documents related to or referring to the creation of any video file launched using a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://awsvidclips.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com.

24. All documents related to or referring to the creation of the video file "1006705.flv".

25. Documents sufficient to identify the number of page views to your website

during the relevant time frame.

26. All website visitor logs for your website during the relevant time frame in native format.

27. All Google Analytics reports (or similar services) for your website during the relevant time frame.

28. Documents sufficient to calculate the average time spent by visitors to your website on a yearly, weekly and daily basis during the relevant time frame.

29. Documents sufficient to identify any products or services that were sold by you during the relevant time frame but were not offered or described on your website.

30. Your profit and loss statements during the relevant time frame.

31. Documents sufficient to evidence the gross revenue for all products and services advertised or described on your website during the relevant time frame.

32. Documents sufficient to calculate your profits for all products or services advertised or described on your website during the relevant time frame.

33. All documents and communications to or from Tweople, Yakking Heads, or Your Video Partner.

34. All documents and communications to or from you and Tweople.

35. All documents to or from the http://tweople.com, http://yourvideopartner.com, http://awsvidclips.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com websites.

36. All documents evidencing any payment made by you to Tweople, Yakking Heads, or YourVideoPartner.com.

37. All documents evidencing goods or services acquired by you from

Tweople, Yakking Heads, or YourVideoPartner.com.

38. All contracts or agreements between you and Tweople, including but not limited to purchase, indemnification, joint defense, or common interest agreements.

39. All documents and communications referring to LFOW.

40. All documents and communications referring to software for implementing a "live spokesperson" or "website spokesperson" on a website.

41. All documents referring to any video running on your website during the relevant time frame.

42. All documents referring to any video that launches when anyone visits your website during the relevant time frame.

43. All documents that refer to the benefits, characteristics or efficacy of using a live spokesperson or website spokesperson on a website.

44. All documents that refer to the benefits, characteristics or efficacy of using products or services of LFOW.

45. All documents that refer to the benefits, characteristics or efficacy of using products or services of Tweople.

46. All documents evidencing your knowledge or understanding of the products and services offered by Tweople, Yakking Heads, or YourVideoPartner.com.

47. Any documents evidencing customer inquiries at your website during the relevant time frame.

48. Any documents evidencing the submissions of visitor information on your website during the relevant time frame.

49. Any documents evidencing submissions using the "Contact Us" form on

your website during the relevant time frame.

50.    Any documents evidencing submissions using the "Contact Us" dialog boxes on your website during the relevant time frame.

51.    Any documents evidencing information submitted in the "Contact Us" form on your website during the relevant time frame.

52.    Any documents identifying customers that submitted information using the "Contact Us" form on your website during the relevant time frame.

53.    Any documents identifying any third party service or software you use to track customer or client leads.

54.    Any documents identifying any third party service or software you use to track customer or client referrals.

55.    Any documents identifying any internal software you use to track customer or client leads.

56.    Any documents identifying any internal software you use to track customer or client referrals.

57.    Any documents explaining or describing how you track customer leads and referrals from your website.

58.    Any documents explaining or describing how you track client leads and referrals from your website.

59.    Any documents tracking client referrals from your website during the relevant time frame.

60.    Any documents tracking client leads from your webstie during the relevant time frame.

61.     Any documents tracking customer referrals from your website during the relevant time frame.

62.     Any documents tracking customer leads from your website during the relevant time frame.

63.     Any documents tracking sales from your website during the relevant time frame.

64.     Any documents evidencing the conversion rate of your website during the relevant time frame.

65.     Any documents tracking the purchase or goods or services from your website during the relevant time frame.

66.     Documents evidencing the time frame when a web spokesperson video played on your website.


Respectfully submitted:
LAW OFFICES OF LEONARD B. ZOFTIS


Date: <u>September 14, 2015</u>          By:   <u>*s/Leonard Zoftis*</u>
                                              Leonard B. Zoftis, Esquire
                                              Attorney Id. 78620
                                              Law Offices of Leonard B. Zoftis
                                              12030 Bustleton Avenue
                                              Philadelphia, PA 19116
                                              (215) 969-3004
                                              lzlaws@aol.com

**CERTIFICATE OF SERVICE**

I, Leonard Zoftis, hereby certify that on September 14, 2015, I served/presented

the foregoing documents to the counsel for Extreme Gym, Inc., and David Wainwright by

electronic mail djshannon@mdwcg.com, and via U.S. Mail as follows:

> David J. Shannon, Esquire
> MARSHALL, DENNEHEY, WARNER
>  COLEMAN & GOGGIN
> 2000 Market St.
> Philadelphia, PA 19103

Date: __9/14/15__         By: ___*s/Leonard Zoftis*___
                                           Leonard B. Zoftis, Esquire
                                           Attorney Id. 78620
                                           Law Offices of Leonard B. Zoftis
                                           12030 Bustleton Avenue
                                           Philadelphia, PA 19116
                                           (215) 969-3004
                                           lzlaws@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

**LIVE FACE ON WEB, LLC,**
a Pennsylvania company,

        Plaintiff(s)

v.

**EXTREME GYM, INC.,**
**DAVID WAINWRIGHT,**

        Defendant(s)

**Case No. 2:15-cv-02836-NIQA**

**PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT EXTREME GYM, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Live Face on Web, LLC directs the following interrogatories to Defendant(s), Extreme Gym, Inc., to be answered in writing and under oath.

## DEFINITIONS

1.    The term "LFOW" refers to Plaintiff Live Face on Web, LLC.

2.    The terms "you" or "your" refers to Defendant , EXTREME GYM, INC.

3.    The term "Tweople" refers to Defendant Tweople, Inc.

4.    The term "your website" includes the website at domain name http://ucfactors.com and any other website(s) under your control.

5.    The term "relevant time frame" defines the dates for which information is sought in these request, and includes dates from year 2010 until the present, unless a specific request provides a different time frame.

6.     The term "page views" refers to each time a page on a website is viewed. Page views, as defined herein, should not be confused with "hits" which are the number of requests made to a web server (e.g., a single page with three images that is viewed by a user will have one "page view" but at least four "hits" to the server to load all the images and text).

7.     "Hits and Visitors" means any and all times that a non-unique visitor to a website accesses a page, or part thereof, of a given URL, Web Server, Web Site and Web Page.The term "website spokesperson video" refers to any video that has appeared on your website promoting your products and/or services.

8.     The term "document" includes everything covered by the terms document and electronically stored information as used in Rule 34 of the Federal Rules of Civil Procedure; includes everything covered by the terms writing, recording, and photograph as used in Rule 1001 of the Federal Rules of Evidence; refers to the original and all copies, and any non-identical copies; and includes written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, such as (by way of example and not by way of limitation) letters, correspondence, notes, memoranda, invoices, purchase orders, records, minutes, messages, interoffice communications, diaries, reports, studies, summaries, analyses, tables, tabulations, charts, bills, contracts, agreements, orders, receipts, drawings, sketches, photographs, facsimiles, advertisements, promotional literature, operating manuals, instructions, bulletins, cables, telegrams, tape or other recordings, test data, reports, spreadsheets, electronic mail, and any other electronically stored information stored on (by way of example and not by way of limitation) hard drives, cloud storage, floppy disks, USB flash drives, magnetic tapes, zip drives, DVDs,

CD-ROMs, mainframe computers, Internet websites, intranet websites, desktop computers, home computers, laptops, tablets, mobile or handheld devices, computer back-ups, and retired computer systems.

9. The terms "individual" and "entity" each include natural persons, corporate or other business entities, and all other forms of legal entities.

10. If you withhold any information called for by these interrogatories because you contend the information is privileged, protected as work product or trial-preparation material, or otherwise protected from discovery, please identify the withheld information in a privilege log that complies with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.      Identify each person answering these interrogatories on your behalf, and for each person, state his or her position, the duties of such position and identify the interrogatories each person has provided assistance in answering.

ANSWER:

2.      Identify each and every URL, web server, web site and web page owned or controlled by you which includes or included a link to any file or page on the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

ANSWER:

3.     Identify the date on which any URL, web server, web site or web page identified in response to Interrogatory No. 2 was modified to include a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

ANSWER:

4.     Identify all products and services advertised or described on your website(s) during the relevant time frame.

ANSWER:

5.     State your gross revenues and profits for every product and service identified in response to Interrogatory No. 4, and identify any documentation supporting these sums.

ANSWER:

6.    State the number of page views and unique visitors for your website, on a daily basis, during the relevant time frame, and identify any documentation supporting these numbers.

ANSWER:

7.    Identify each product or service provided to you to by Tweople, Yakking Heads, or YourVideoPartner.com, the payments made by you to same for each product or service, and identify any documentation supporting such products, service and/or payments.

ANSWER:

8.    Identify your knowledge, if any, of LFOW and its services prior to the filing of the complaint, and identity any documentation supporting your response.

ANSWER:

9.    State, in detail, the number of Hits and Visitors to any URLs, Web

Servers, Web Sites and Web Pages identified in response to Interrgatory No. 2, and

produce all documents which support, refute, evidenced or were used to prepare your

response to this Interrogatory.

ANSWER:


10.    Identify individuals associated with reviewing, modifying or approving

modifications to your website.

ANSWER:


11.    Identify any services or methods used by you to generate, determine,

record, track or store the source of your customers and clients.

ANSWER:


Respectfully submitted:
LAW OFFICES OF LEONARD B. ZOFTIS


Date: September 14, 2015

By: ___*s/Leonard Zoftis*_____
Leonard B. Zoftis, Esquire
Attorney Id. 78620
Law Offices of Leonard B. Zoftis
12030 Bustleton Avenue
Philadelphia, PA 19116
(215) 969-3004
lzlaws@aol.com

## CERTIFICATE OF SERVICE

I, Leonard Zoftis, hereby certify that on September 14, 2015, I served/presented

the foregoing document to the counsel for Extreme Gym, Inc., and David Wainwright by

electronic mail djshannon@mdwcg.com, and via U.S. Mail as follows:

> David J. Shannon, Esquire
> MARSHALL, DENNEHEY, WARNER
>  COLEMAN & GOGGIN
> 2000 Market St.
> Philadelphia, PA 19103

Date: 9/14/15                    By:    _s/Leonard Zoftis_
                                        Leonard B. Zoftis, Esquire
                                        Attorney Id. 78620
                                        Law Offices of Leonard B. Zoftis
                                        12030 Bustleton Avenue
                                        Philadelphia, PA 19116
                                        (215) 969-3004
                                        lzlaws@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

**LIVE FACE ON WEB, LLC,**
a Pennsylvania company,

        Plaintiff(s)

v.

**EXTREME GYM, INC.,**
**DAVID WAINWRIGHT,**

        Defendant(s)

**Case No. 2:15-cv-02836-NIQA**

**PLAINTIFF'S INTERROGATORIES**
**DIRECTED TO DEFENDANT**
**DAVID WAINWRIGHT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Live Face on Web, LLC directs the following interrogatories to Defendant(s), David Wainwright to be answered in writing and under oath.

## DEFINITIONS

1.     The term "LFOW" refers to Plaintiff Live Face on Web, LLC.

2.     The terms "you" or "your" refers to Defendant , DAVID WAINWRIGHT.

3.     The term "Tweople" refers to Defendant Tweople, Inc.

4.     The term "your website" includes the website at domain name http://ucfactors.com and any other website(s) under your control.

5.     The term "relevant time frame" defines the dates for which information is sought in these request, and includes dates from year 2010 until the present, unless a specific request provides a different time frame.

6.     The term "page views" refers to each time a page on a website is viewed. Page views, as defined herein, should not be confused with "hits" which are the number of requests made to a web server (e.g., a single page with three images that is viewed by a user will have one "page view" but at least four "hits" to the server to load all the images and text).

7.     "Hits and Visitors" means any and all times that a non-unique visitor to a website accesses a page, or part thereof, of a given URL, Web Server, Web Site and Web Page.The term "website spokesperson video" refers to any video that has appeared on your website promoting your products and/or services.

8.     The term "document" includes everything covered by the terms document and electronically stored information as used in Rule 34 of the Federal Rules of Civil Procedure; includes everything covered by the terms writing, recording, and photograph as used in Rule 1001 of the Federal Rules of Evidence; refers to the original and all copies, and any non-identical copies; and includes written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, such as (by way of example and not by way of limitation) letters, correspondence, notes, memoranda, invoices, purchase orders, records, minutes, messages, interoffice communications, diaries, reports, studies, summaries, analyses, tables, tabulations, charts, bills, contracts, agreements, orders, receipts, drawings, sketches, photographs, facsimiles, advertisements, promotional literature, operating manuals, instructions, bulletins, cables, telegrams, tape or other recordings, test data, reports, spreadsheets, electronic mail, and any other electronically stored information stored on (by way of example and not by way of limitation) hard drives, cloud storage, floppy disks, USB flash drives, magnetic tapes, zip drives, DVDs,

CD-ROMs, mainframe computers, Internet websites, intranet websites, desktop computers, home computers, laptops, tablets, mobile or handheld devices, computer back-ups, and retired computer systems.

9.    The terms "individual" and "entity" each include natural persons, corporate or other business entities, and all other forms of legal entities.

10.    If you withhold any information called for by these interrogatories because you contend the information is privileged, protected as work product or trial-preparation material, or otherwise protected from discovery, please identify the withheld information in a privilege log that complies with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.     Identify each person answering these interrogatories on your behalf, and for each person, state his or her position, the duties of such position and identify the interrogatories each person has provided assistance in answering.

ANSWER:

2.     Identify each and every URL, web server, web site and web page owned or controlled by you which includes or included a link to any file or page on the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

ANSWER:

3.     Identify the date on which any URL, web server, web site or web page identified in response to Interrogatory No. 2 was modified to include a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTMLscript tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

ANSWER:

4.     Identify all products and services advertised or described on your website(s) during the relevant time frame.

ANSWER:

5.     State your gross revenues and profits for every product and service identified in response to Interrogatory No. 4, and identify any documentation supporting these sums.

ANSWER:

6.     State the number of page views and unique visitors for your website, on a daily basis, during the relevant time frame, and identify any documentation supporting these numbers.

ANSWER:

7.     Identify each product or service provided to you to by Tweople, Yakking Heads, or YourVideoPartner.com, the payments made by you to same for each product or service, and identify any documentation supporting such products, service and/or payments.

ANSWER:

8.     Identify your knowledge, if any, of LFOW and its services prior to the filing of the complaint, and identity any documentation supporting your response.

ANSWER:

9.     State, in detail, the number of Hits and Visitors to any URLs, Web Servers, Web Sites and Web Pages identified in response to Interrgatory No. 2, and produce all documents which support, refute, evidenced or were used to prepare your response to this Interrogatory.

ANSWER:

10.     Identify individuals associated with reviewing, modifying or approving modifications to your website.

ANSWER:

11.     Identify any services or methods used by you to generate, determine, record, track or store the source of your customers and clients.

ANSWER:

Respectfully submitted:
LAW OFFICES OF LEONARD B. ZOFTIS

Date: September 14, 2015          By:  _s/Leonard Zoftis_
                                       Leonard B. Zoftis, Esquire
                                       Attorney Id. 78620
                                       Law Offices of Leonard B. Zoftis
                                       12030 Bustleton Avenue
                                       Philadelphia, PA 19116
                                       (215) 969-3004
                                       lzlaws@aol.com

7

## CERTIFICATE OF SERVICE

I, Leonard Zoftis, hereby certify that on September 14, 2015, I served/presented

the foregoing document to the counsel for Extreme Gym, Inc., and David Wainwright by

electronic mail djshannon@mdwcg.com, and via U.S. Mail as follows:

David J. Shannon, Esquire
MARSHALL, DENNEHEY, WARNER
 COLEMAN & GOGGIN
2000 Market St.
Philadelphia, PA 19103


Date: 9/14/15                    By:    *s/Leonard Zoftis*
                                        Leonard B. Zoftis, Esquire
                                        Attorney Id. 78620
                                        Law Offices of Leonard B. Zoftis
                                        12030 Bustleton Avenue
                                        Philadelphia, PA 19116
                                        (215) 969-3004
                                        lzlaws@aol.com

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC   :  CIVIL ACTION
  *Plaintiff*     :
          :  NO. 15-2836
  v.       :
          :
EXTREME GYM INC., et al.   :
  *Defendants*    :

## ORDER

**AND NOW**, this 14th day of December 2015, it is hereby **ORDERED** that a preliminary pretrial conference shall be held on February 24, 2016, at 1:30 PM, in the United States Courthouse, 601 Market Street, Room 4000, Philadelphia, PA.

It is further **ORDERED** that:

1. a party must, without awaiting a discovery request, provide to other parties the disclosures contemplated by Federal Rule of Civil Procedure 26(a), within 14 days of the date of this Order;

2. the parties shall commence discovery immediately; and

3. after conferring with the attorneys of record and all unrepresented parties, the parties are jointly responsible to submit and file a written Report of the Rule 26(f) Meeting with the Clerk no later than ten (10) days prior to the preliminary pretrial conference.

Counsel and any unrepresented party are expected to comply with Federal Rules of Civil Procedure 16 and 26, and Local Rule of Civil Procedure 16.1.

**BY THE COURT:**

*[signature]*

NITZA I. QUIÑONES ALEJANDRO, J.

# EXHIBIT C

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

Plaintiff(s)

v.

EXTREME GYM, INC.,
DAVID WAINWRIGHT,

Defendant(s)

Case No. 2:15-CV-02836-NIQA

## DEFENDANT EXTREME GYM, INC.'S
## OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Extreme Gym, Inc., by and through its attorney Marshall Dennehey Warner Coleman and Goggin, hereby responds to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to all discovery requests because they are overly broad, vague, ambiguous, unduly burdensome, not proportionate to the amount in controversy, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to all discovery requests to the extent they are served for the purpose of harassment, oppressive, or unduly burdensome.

3.      None of the objections or responses contained herein is an admission concerning the relevance or admissibility of any documents, materials, or information of any statement or characterization contained in any discovery request.

4. The responses are made without waiving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, or any other basis; (b) the right to object to the use of the information provided herein, in whole or in part, in any other proceeding or action; (c) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; or (d) the right to revise, correct, add, or clarify any of the responses provided herein.

5. These responses are based upon information presently available to Defendant following a reasonable inquiry and only within Defendant's common knowledge, not as one in the web and technology industry. However, discovery is still ongoing. Therefore, Defendant reserves the right to amend, supplement or change the applicable objections and responses if and when additional information becomes available.

6. These general objections are hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

## SPECIFIC OBJECTIONS

1. Defendant objects to the Definitions because the terms defined by Plaintiff may not encompass the commonly understood meaning or understanding of Defendant. Therefore, Defendant objects to each and every discovery request containing the terms defined because the meaning of the terms may be different than what is commonly understood or understood by Defendant.

2. Defendant objects to Definition no. 4 that the term "your website" includes the web site at domain name http://ucfactors.com because Defendant is unaware of this domain name and believes this website was copied in error from another form. For the

purpose of these discovery requests, Defendants will assume that the term your website actually refers to the web sites of Extreme Gym, Inc., namely www.theextremegym.com and www.theextremegymfranchise.com, which are specifically stated in the Request for Admissions of Plaintiff.

## SPECIFIC OBJECTIONS AND RESPONSES

1.     Identify each person answering these interrogatories on your behalf, and for each person, state his or her position, the duties of such position and identify the interrogatories each person has provided assistance in answering.

**ANSWER:   Extreme Gym, Inc., through David Wainwright, as the owner and operator of Extreme Gym, Inc., provided the answers with the assistance of counsel.**

2.     Identify each and every URL, web server, web site and web page owned or controlled by you which includes or included a link to any file or page on the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTML script tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

**ANSWER:   Upon information and belief, the websites www.theextremegym.com and  www.extremegymfranchise.com, do not include a link to any of the internet domains listed above.**

**Further, Defendant does not believe that http://awsidclips.com/main_vsp.js is**

-3-

a "source code or HTML script," as stated in the interrogatory. Rather, Defendant believes this is a domain name. This domain name is, upon information and belief, a web-based software. This domain name is not in the website www.extremegym.com or www.extremegymfranchise.com.

3.  Identify the date on which any URL, web server, web site or web page identified in response to Interrogatory No. 2 was modified to include a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTML script tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

ANSWER: See response to Interrogatory No. 2. By way of further answer, upon information and belief, the websites of Extreme Gym, Inc., do not include a link to the internet domains listed in the interrogatory.


4.  Identify all products and services advertised or described on your website(s) during the relevant time frame.

ANSWER: Objection to the extent this request is overly broad and unduly burdensome because Plaintiff has equal access as Defendants to the information sought, which can be located by going on the websites and viewing the information on the websites. For a description of the services and products, please view the websites of Extreme Gym, Inc. By way of brief overview, the products and services

advertised include information about owning an Extreme Gym franchise, the franchise fee, cost of the equipment, support, training, marketing, site-location assistance, and lease negotiating.

5. State your gross revenues and profits for every product and service identified in response to Interrogatory No. 4, and identify any documentation supporting these sums.

ANSWER: Objection, to the extent that this Interrogatory is overly broad, unduly burdensome, sought for the purposes of harassment or embarrassment, and not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer and without waiver of said objection, to the extent that the Interrogatory is seeking gross revenues (the amount customers actually pay the company when they make their purchases) of Extreme Gym, Inc., for years 2010 through the present relating only to the franchise part of the business, there have been four franchises purchased. Each of the four franchises paid a $10,000 franchise fee to Extreme Gym, Inc. No royalties or other things were paid.

*No docs attached*

6. State the number of page views and unique visitors for your website, on a daily basis, during the relevant time frame, and identify any documentation supporting these numbers.

ANSWER: Objection because this Interrogatory is overly broad, unduly burdensome, sought for the purposes of harassment or embarrassment, and not reasonably calculated to lead to the discovery of admissible evidence. By way of

further answer and without waiver of said objection, Plaintiff contends that the relevant timeframe may include 2010 through the present, which is an overly broad request to provide page views and the number of visits total for each year, especially since it was known in 2010 that the virtual spokesperson was not created and was not working. Further, the request is overly broad in time frame to the extent that www.awsvidclips.com was cancelled as stated in an confirmation email from Hostmonster, dated September 23, 2011 (document bates stamp Extreme Gym 148). By way of further answer and without waiver of said objections, Defendants can only derive this information by viewing records from Goggle Analytics pertaining to the websites www.extremegymfranchise.com and www.extremegym.com. Records from Google Analytics, from 2010 through October 2011, which show the number of sessions, average session duration and bounce rate, among other things are produced. (See documents bates stamp Extreme Gym 163-173).

7. Identify each product or service provided to you by Tweople, or YourVideoPartner.com, the payments made by you to same for each product or service, and identify any documentation supporting such products, service and/or payments.

ANSWER: Defendant never expected any product or service to be provided by Tweople or from YourVideoPartner.com.

8. Identify your knowledge, if any, of LFOW and its services prior to the filing of the complaint, and identify any documentation supporting your response.

ANSWER: Defendant had no knowledge of Live Face on the Web, LLC,

**until receiving a copy of the Complaint.**

9. State, in detail, the number of Hits and Visitors to any URLs, Web Servers, Web Sites and Web Pages identified in response to Interrogatory No. 2, and produce all documents which support, refute, evidenced or were used to prepare your response to this Interrogatory.

**ANSWER: To the extent that this Interrogatory refers to websites listed in Interrogatory No. 2, Defendant is not aware of the numbers of hits and visitors to these websites. The websites appear to be those that may be owned or controlled by Tweople, Yakking Heads or by other individuals unknown, as Defendant is not even aware of some of the websites. As to the domain name listed in Interrogatory No. 2, upon information and belief, it is not a website that would get hits and visitors. To the extent that this Interrogatory may actually refer to www.awsvidclips.com, this is a hosting account. Therefore, Defendant is not aware of the number of hits or visits to this domain name because it is not a website. This may be considered a web-based software, which does not track hits or visitors.**

10. Identify individuals associated with reviewing, modifying or approving modifications to your website.

**ANSWER: Objection because the terms in this interrogatory may have a technical meaning in the website industry beyond the lay person knowledge of Defendant. By way of further answer and without waiver of said objection, web hosting companies control websites and may be associated with reviewing,**

modifying or approving modifications. Further, at times, Extreme Gym, Inc. would obtain the services of consultants to do coding, create banners, create animation or other things. These consultants engaged included individuals located from guru.com, freelance.com and fiverr.com. Also, Extreme Gym, Inc., through its owner/operator David Wainwright in that capacity, also operated the websites www.extremegym.com and www.extremegymfranchise.com. All actions of David Wainwright relating to the websites occurred in his role as an owner and operator of Extreme Gym, Inc., which is a separate and distinct legal entity incorporated because its business acts independently of its business owner.

11.  Identify any services or methods used by you to generate, determine, record, track or store the source of your customers and clients.

ANSWER: Objection.  It is not clear exactly what is meant by this Interrogatory, nor are the terms defined.  Also, objection because this interrogatory is overly broad, unduly burdensome, sought for the purposes of harassment or embarrassment, may be seeking information that is confidential and protected from disclosure as it relates to others, and not reasonably calculated to lead to the discovery of admissible evidence.  By way of further answer and without waiver of said objections, the websites were set-up in order to attract customers who wanted to purchase a website. Tracking customers does not require any special methods. Extreme Gym, Inc. is able to easily track and store information regarding its customers, without any special software, because there are only four franchise customers. The website does not relate to attracting members of the gym.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendant,*
*Extreme Gym, Inc.*

Date: 12/17/2015
LEGAL/101972304.v1

## VERIFICATION

I, David Wainwright, being duly sworn according to law, state that the facts set forth in Defendant Extreme Gym, Inc.'s Answers to the Plaintiff's Interrogatories are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the Answers is that of counsel and not of the signer. The Signer verifies that he has read the within Answers and that the representations made therein are true and correct to the best of signer's knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsifications to authorities.

12-15-2015
Date

DAVID WAINWRIGHT
On Behalf of Extreme Gym, Inc.

## CERTIFICATE OF SERVICE

David J. Shannon, Esquire and Jonathon E. Cross, Esquire, hereby certify that on

the below date we served the foregoing document to the counsel for Plaintiff by

electronic mail upon the following:

Leonard Zoftis, Esquire
Law Offices of Leonard B. Zoftis
12030 Bustleton Avenue
Philadelphia, PA 19116

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendant,*
*Extreme Gym, Inc.*

Date: 12/17/2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

        Plaintiff(s)

v.

**EXTREME GYM, INC.,**
**DAVID WAINWRIGHT,**

        Defendant(s)

**Case No. 2:15-CV-02836-NIQA**

---

### DEFENDANT DAVID WAINWRIGHT'S
### OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant David Wainwright, by and through his attorney Marshall Dennehey Warner Coleman and Goggin, hereby responds to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to all discovery requests because they are overly broad, vague, ambiguous, unduly burdensome, not proportionate to the amount in controversy, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to all discovery requests to the extent they are served for the purpose of harassment, oppressive, or unduly burdensome.

3.    None of the objections or responses contained herein is an admission concerning the relevance or admissibility of any documents, materials, or information of any statement or characterization contained in any discovery request.

4.     The responses are made without waiving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, or any other basis; (b) the right to object to the use of the information provided herein, in whole or in part, in any other proceeding or action; (c) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; or (d) the right to revise, correct, add, or clarify any of the responses provided herein.

5.     These responses are based upon information presently available to Defendant following a reasonable inquiry and only within Defendant's common knowledge, not as one in the web and technology industry. However, discovery is still ongoing. Therefore, Defendant reserves the right to amend, supplement or change the applicable objections and responses if and when additional information becomes available.

6.     These general objections are hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

## SPECIFIC OBJECTIONS

1.     Defendant objects to the Definitions because the terms defined by Plaintiff may not encompass the commonly understood meaning or understanding of Defendant. Therefore, Defendant objects to each and every discovery request containing the terms defined because the meaning of the terms may be different than what is commonly understood or understood by Defendant.

2.     Defendant objects to Definition no. 4 that the term "your website" includes the web site at domain name http://ucfactors.com because Defendant is unaware of this domain name and believes this website was copied in error from another form. For the

purpose of these discovery requests, Defendants will assume that the term your website actually refers to the web sites of Extreme Gym, Inc., namely www.theextremegym.com and www.theextremegymfranchise.com, which are specifically stated in the Request for Admissions of Plaintiff.

3.    Defendant objects to the definition of "your website" because the websites that are likely intended to be referred to in definition number 4 are www.theextremegym.com and www.theextremegymfranchise.com. These websites are not David Wainwright's website, rather they are websites of Extreme Gym, Inc.

## SPECIFIC OBJECTIONS AND RESPONSES

1.    Identify each person answering these interrogatories on your behalf, and for each person, state his or her position, the duties of such position and identify the interrogatories each person has provided assistance in answering.

**ANSWER:   David Wainwright provided the answers with the assistance of counsel.   David Wainwright is the owner and operator of Extreme Gym, Inc.**

2.    Identify each and every URL, web server, web site and web page owned or controlled by you which includes or included a link to any file or page on the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTML script tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

**ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's**

**Interrogatory No. 2.**

3.      Identify the date on which any URL, web server, web site or web page identified in response to Interrogatory No. 2 was modified to include a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com, including but not limited to the source code or HTML script tag: http://awsvidclips.com/main_vsp.js, and identify all documents supporting your response.

**ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 3.**

4.      Identify all products and services advertised or described on your website(s) during the relevant time frame.

**ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 4.**

5.      State your gross revenues and profits for every product and service identified in response to Interrogatory No. 4, and identify any documentation supporting these sums.

**ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 5.**

6.     State the number of page views and unique visitors for your website, on a daily basis, during the relevant time frame, and identify any documentation supporting these numbers.

**ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 6.**

7.     Identify each product or service provided to you to by Tweople, Yakking Heads, or YourVideoPartner.com, the payments made by you to same for each product or service, and identify any documentation supporting such products, service and/or payments.

**ANSWER: No products or services were provided individually to Defendant David Wainwright. To the extent this request refers to products or services provided to Extreme Gym, Inc., see Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 7.**

8.     Identify your knowledge, if any, of LFOW and its services prior to the filing of the complaint, and identity any documentation supporting your response.

**ANSWER: David Wainwright had no knowledge of Live Face on the Web, LLC, until receiving a copy of the Complaint.**

9.     State, in detail, the number of Hits and Visitors to any URLs, Web Servers, Web Sites and Web Pages identified in response to Interrogatory No. 2, and produce all documents which support, refute, evidenced or were used to prepare your response to this Interrogatory.

ANSWER: See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 9.

10.    Identify individuals associated with reviewing, modifying or approving modifications to your website.

ANSWER:  To the extent that this interrogatory refers to the websites www.theextremegym.com and www.theextremegymfranchise.com, these are not the websites of David Wainwright, but belong to Extreme Gym, Inc.  See Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 10.

11.    Identify any services or methods used by you to generate, determine, record, track or store the source of your customers and clients.

ANSWER: David Wainwright individually does not have customers or clients to generate, determine, track or otherwise.  To the extent this interrogatory refers to customers and clients of Extreme Gym, Inc., see Defendant Extreme Gym, Inc.'s Answer to Plaintiff's Interrogatory No. 11.

MARSHALL  DENNEHEY  WARNER
COLEMAN & GOGGIN

_____
DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendant David Wainwright*

Date: 12/17/2015
LEGAL/101979307.v1

## VERIFICATION

I, David Wainwright, being duly sworn according to law, state that the facts set forth in Defendant David Wainwright's Answers to the Plaintiff's Interrogatories are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the Answers is that of counsel and not of the signer. The Signer verifies that he has read the within Answers and that the representations made therein are true and correct to the best of signer's knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsifications to authorities.

_____
DAVID WAINWRIGHT

Date:  __12-17-2015__

LEGAL/101979307.v1

## CERTIFICATE OF SERVICE

David J. Shannon, Esquire and Jonathon E. Cross, Esquire, hereby certify that on the below date we served the foregoing document to the counsel for Plaintiff by electronic mail upon the following:

Leonard Zoftis, Esquire
Law Offices of Leonard B. Zoftis
12030 Bustleton Avenue
Philadelphia, PA 19116

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendant David Wainwright*

Date: 12/17/2015
LEGAL/101979307.v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

**LIVE FACE ON WEB, LLC,**
a Pennsylvania company,

      **Plaintiff,**

vs.

    Case No.: 2:15-CV-02836-NIQA

**EXTREME GYM, INC.,**
**DAVID WAINWRIGHT**

      **Defendant(s)**

---

## DEFENDANTS' OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, Extreme Gym, Inc. and David Wainwright, by and through their attorney Marshall Dennehey Warner Coleman and Goggin, hereby responds to Plaintiff's First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.    Defendants object to all discovery requests because they are overly broad, vague, ambiguous, unduly burdensome, not proportionate to the amount in controversy and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendants object to all discovery requests because they are served for the purpose of harassment, oppressive, or unduly burdensome.

3.    None of the objections or responses contained herein is an admission concerning the relevance or admissibility of any documents, materials, or information of any statement or characterization contained in any discovery request.

4.     The responses are made without waiving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, or any other basis; (b) the right to object to the use of the information provided herein, in whole or in part, in any other proceeding or action; (c) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; or (d) the right to revise, correct, add, or clarify any of the responses provided herein.

5.     These responses are based upon information presently available to Defendants following a reasonable inquiry and only within Defendants' common knowledge not as one in the web and technology industry. However, discovery is still ongoing. Therefore, Defendants reserve the right to amend, supplement or change the applicable objections and responses if and when additional information becomes available.

6.     These general objections are hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

## SPECIFIC OBJECTIONS

1.     Defendants object to the Definitions to the extent the terms defined by Plaintiff may not encompass the commonly understood meaning or understanding of Defendant.  Therefore, Defendant objects to each and every discovery request containing the terms defined to the extent that the meaning of the terms are different than what is commonly understood or understood by Defendant.

2.     Defendants object to Definition no. 4 that the term "your web site" includes the website at domain name http://ucfactors.com because Defendants are unaware of this domain name and believes this was copied in error from another form.

For the purpose of these discovery requests, Defendants will assume that the term your web site actually refers to www.theextremegym.com and www.theextremegymfranchise.com, which are terms stated in the Request for Admissions of Plaintiff.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST FOR DOCUMENTS

1. Any and all documents referred to or relied upon in preparing your Answers to Plaintiff's Interrogatories.

**ANSWER: See documents produced bates stamped Extreme Gym 1-173.**

2. Any and all documents identified by you in response to Plaintiff's Interrogatories.

**ANSWER: See documents produced.**

3. A copy, in native format, of your website(s) on the date of the complaint.

**ANSWER: Objection. It is unknown what is meant by a copy in native format of your website. Further, objection to the extent that this request may be overly board and may attempt to relate to websites other than those that are at issue in the claims or defenses in this case. In addition, objection because the request is overly broad and unduly burdensome in light of the fact that it appears that Plaintiff already printed information pertaining to the websites, extremegym.com and extremegymfranchise.com, as evidenced by the exhibits to the Complaint. In addition, objection because it is unduly burdensome and overly broad to produce information describing each and every addition and change on the websites from 2010 to the present, when the changes had nothing to do with a virtual spokesperson. By way of further**

answers, see documents produced that show there was never a virtual spokesperson video on Extreme Gym, Inc.'s websites.

4. A copy, in native format, of your website(s) on www.theextremegym.com and www.extremegymfranchise.com.

**ANSWER:   See number 3.**

5. Documents sufficient to identify all products and services advertised on your website(s) during the relevant time frame.

**ANSWER:   Objection because this request is overly broad and unduly burdensome and the information requested is equally available to Plaintiff, as it is located on the public website.   Plaintiff can look at the websites, extremegym.com and extremegymfranchise.com, to determine the products and services advertised.**

6. Copies of any commercial general liability policies including you as an insured that are or have been in effect during the relevant time frame.

**ANSWER:   Defendants have applicable insurance through Liberty Mutual. A copy of the declaration page will be produced.**

7. All documents which support your denials of any allegations in the complaint.

**ANSWER:   To produce "all documents which support denials" is a request that is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   By way of further answer and without waiver of said objection, see documents produced.**

-4-

8. All documents which support your affirmative defense(s).

**ANSWER: Objection because the request for all documents would support the affirmative defenses is overly broad, unduly burdensome and may seek to reveal information protected by the attorney-client privilege or the attorney work product doctrine. By way of further answer, and without waiver of said objection, see documents produced.**

9. Documents sufficient to identify all individuals and entities responsible for implementing modifications to your website during the relevant time frame.

**ANSWER: Objection because this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because documents about modifications do not have anything to do with the spokesperson on a website. By way of further answer, and without waiver of said objection, see documents produced relating to David Wainwright of Extreme Gym, Inc., guru.com, fiverr.com, freelance.com and Hostmonster.**

10. All documents identifying any website(s) metrics collected for your website(s) during the relevant time frame.

**ANSWER: Objection because it is unknown what is meant by "website metrics. Further, objection because the request is overly broad, unduly burdensome and not properly limited in time and scope. By way of further answer and without waiver of said objection, see documents produced relating to Goggle Analytics for months in 2010 and 2011.**

11.     All documents relating to the modification of your website(s) or web server(s) to include the source code or HTML script tag: http://awsvidclips.com/main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this request.**

12.     Documents sufficient to identify the date on which your website(s) or web server(s) was modified to include the source code or HTML script tag: http://awsvidclips.com/main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this request.**

13.     Documents sufficient to identify any URLs, websites or web servers which include the source code or HTML script tag: http://awsvidclips.com/main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this request.**

14.     Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to include a link to the file main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this request.**

15.     Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove a link to the file main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this request.**

16.     Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to include the file main_vsp.js.

**ANSWER:    Defendants do not have documents responsive to this requests.**

17. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove the file main_vsp.js.

**ANSWER:** **Defendants do not have documents responsive to this request.**

18. Documents sufficient to identify the date, if any, on which your website(s) or web server(s) was modified to remove or disable the source code of HTML script tag: http://awsvidclips.com/main_vsp.js.

**ANSWER:** **Defendants do not have documents responsive to this request.**

19. Documents sufficient to identify any URLs, websites and web servers which include(d) a link to any file or page on the following Internet domains: http://tweople.com, http://awsvidclips.com, http://yourvideopartner.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com.

**ANSWER:** **Defendants do not have documents responsive to this requests.**

20. A copy of every video that were launched using the source code or HTML script tag: http://awsvidclips.com/main_vsp.js.

**ANSWER:** **Defendants do not have documents responsive to this request because a website spokesperson video was never on the Extreme Gym, Inc. website.**

21. Documents sufficient to identify any videos launched using a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com, http://yakkingheads.com, http://awsvidclips.com, http://budgetwebspokespeople.com, or

http://instantspokespeople.com.

ANSWER:   Defendants do not have documents responsive to this request because a website spokesperson video was never on the Extreme Gym, Inc. website.

22.   All documents related to or referring to the creation of any video file launched using the source code or HTML script tag: http://awsvidclips.com/main_vsp.js.

ANSWER: Defendants do not have documents responsive to this request because a website spokesperson video was never on the Extreme Gym, Inc. website.

23.   All documents related to or referring to the creation of any video file launched using a link to any of the following Internet domains: http://tweople.com, http://yourvideopartner.com,      http://awsvidclips.com,      http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com.

ANSWER:     Defendants do not have documents to respond to this request because a website spokesperson video was never on the Extreme Gym, Inc. website.

24.   All documents related to or referring to the creation of the video file "1006705.flv".

ANSWER:   Defendants are not aware of this video file.

25.   Documents sufficient to identify the number of page views to your website during the relevant time frame.

**ANSWER:** Objection because the request is overly broad, unduly burdensome and not properly limited in time and scope. By way of further answer, and without waiver of said objection, to the extent Defendants may have documents responsive to this request, see documents produced relating to Goggle Analytics for months in 2010 and 2011.

26.    All website visitor logs for your website during the relevant time frame in native format.

**ANSWER:**    Objection because it is not defined what is a visitor log. Further, objection because the request is overly broad, unduly burdensome and not properly limited in time and scope. By way of further answer, and without waiver of said objection, to the extent Defendants may have documents responsive to this request, see documents produced relating to individuals who viewed the website.

27.    All Google Analytics reports (or similar services) for your website during the relevant time frame.

**ANSWER:**    Objection because the request is overly broad, unduly burdensome and not properly limited in time and scope and may seek documents relating to websites not an issue in this lawsuit. By way of further answer and without waiver of said objection, to the extent Defendants may have documents responsive to this request, see documents produced relating to Goggle Analytics for months in 2010 and 2011.

28.     Documents sufficient to calculate the average time spent by visitors to your website on a yearly, weekly and daily basis during the relevant time frame.

**ANSWER:     Objection because the request is overly broad, unduly burdensome and not properly limited in time and scope and may seek documents relating to websites not an issue in this lawsuit. By way of further answer and without waiver of said objection, to the extent Defendants may have documents responsive to this request, see documents produced relating to Goggle Analytics for months in 2010 and 2011.**

29.     Documents sufficient to identify any products or services that were sold by you during the relevant time frame but were not offered or described on your website.

**ANSWER:     Objection. This Request is overly broad, unduly burdensome, harassing and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Documents of Extreme Gym, Inc., that relate to the products and services of the franchise business, can be located on the website, which is equally accessible to Plaintiff as it is to Defendants. To the extent that this request seeks information regarding the products or services of Extreme Gym, Inc. as it relates to its fitness, nutrition and gym membership program, this information is not likely to lead to the discovery of relevant information, is overly broad, not limited in time and scope and is unduly burdensome because responsive documents would date back to 2003 and may contain confidential information about its members, along with**

other confidential information or trade secrets and have nothing to do with the franchise business which was to be the topic for the virtual spokesperson.

30.   Your profit and loss statements during the relevant time frame.

**ANSWER:   Objection.  This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because the financial documents requested from Defendant Extreme Gym, Inc. relate to issues other than the franchise advertising and will relate to Extreme Gym, Inc.'s business of providing fitness, nutrition and other services to gym members.  By way of further answer, and without waiver of said objections, the financial records pertaining to the of the franchise issues can be determined by the documents that show the agreement of four franchises sold at a total amount of $10,000 per each franchise.**

31.   Documents sufficient to evidence the gross revenue for all products and services advertised or described on your website during the relevant time frame.

**ANSWER:   See response to Request No. 30.**

32.   Documents sufficient to calculate your profits for all products or services advertised or described on your website during the relevant time frame.

**ANSWER:   See response to Request No. 30.**

33.   All documents and communications to or from Tweople, Yakking Heads, or Your Video Partner.

**ANSWER:** Emails between Defendants and Yakking Heads is produced. There are no documents with Tweople or Your Video Partner.

34. All documents and communications to or from you and Tweople.

**ANSWER:** There are no communications between Defendant and Tweople.

35. All documents to or from the http://tweople.com, http://yourvideopartner.com, http://awsvidclips.com, http://yakkingheads.com, http://budgetwebspokespeople.com, or http://instantspokespeople.com websites.

**ANSWER:** No documents exist with these entities, other than documents existing relating to the emails with Yakking Heads.

36. All documents evidencing any payment made by you to Tweople, Yakking Heads, or YourVideoPartner.com.

**ANSWER:** See documents relating to the receipt from Yakking Heads.

37. All documents evidencing goods or services acquired by you from Tweople, Yakking Heads, or YourVideoPartner.com.

**ANSWER:** No documents exist because no goods or services were ever received from these entities. See the receipt from Yakking Heads attached for the anticipated services, but the virtual spokesperson never worked.

38. All contracts or agreements between you and Tweople, including but not

limited to purchase, indemnification, joint defense, or common interest agreements.

ANSWER: **No documents exist**

39. All documents and communications referring to LFOW.

ANSWER: **Objection. This request may seek information protected by the attorney-client privilege or attorney work product doctrine. By way of further answer, and without waiver of said objection, Defendants do not have communications between with Live Face on the Web, other than receiving the Complaint.**

40. All documents and communications referring to software for implementing a "live spokesperson" or "website spokesperson" on a website.

ANSWER: **See documents attached between Yakking Heads and Defendants.**

41. All documents referring to any video running on your website during the relevant time frame.

ANSWER: **Objection, to the extent because the request for all documents referring to any video running on Defendants' websites is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer and without waiver of said objection, any videos currently on the Extreme Gym, Inc. websites are equally accessible to Plaintiff as they are to Defendants by viewing the websites.**

42. All documents referring to any video that launches when anyone visits your website during the relevant time frame.

**ANSWER: See response 41.**

43. All documents that refer to the benefits, characteristics or efficacy of using a live spokesperson or website spokesperson on a website.

**ANSWER: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks all documents that refer to the benefits, characteristics or efficiency of using a live spokesperson or a website spokesperson and is not limited to time and scope, nor is it limited to information in the possession of Defendants, but may relate to information equally accessible to Plaintiff. By way of further answer, and without waiver of said objection, Defendants do not have documents responsive to this request.**

44. All documents that refer to the benefits, characteristics or efficacy of using products or services of LFOW.

**ANSWER: Defendants do not have documents responsive to this request.**

45. All documents that refer to the benefits, characteristics or efficacy of using products or services of Tweople.

**ANSWER: Defendants do not have documents responsive to this request.**

46. All documents evidencing your knowledge or understanding of the

products and services offered by Tweople, Yakking Heads, or YourVideoPartner.com.

**ANSWER:    Defendants do not have documents relating to Tweople or YourVideoPartner.com.    As it relates to Yakking Heads, Defendants produce an advertising document that was viewed on a website search as it relates to Yakking Heads.**

47.    Any documents evidencing customer inquiries at your website during the relevant time frame.

**ANSWER:    See documents produced, which is contact information that a potential "customer" provides when making an inquiry.  Further, see the documents relating to the four (4) owners of the franchise.**

48.    Any documents evidencing the submissions of visitor information on your website during the relevant time frame.

**ANSWER:    See response to request No. 47.**

49.    Any documents evidencing submissions using the "Contact Us" form on your website during the relevant time frame.

**ANSWER:    See response to request No. 47.**

50.    Any documents evidencing submissions using the "Contact Us" dialog boxes on your website during the relevant time frame.

**ANSWER:    See response to request No. 47.**

51.    Any documents evidencing information submitted in the "Contact Us"

form on your website during the relevant time frame.

ANSWER:    See response to request No. 47.


52.    Any documents identifying customers that submitted information using the "Contact Us" form on your website during the relevant time frame.

ANSWER:    See response to request No. 47.


53.    Any documents identifying any third party service or software you use to track customer or client leads.

ANSWER:    Objection because this request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and information is protected from disclosure because it may reveal confidential information of others. To the extent that this request seeks documents that identify, explain or describe how potential customers or clients are tracked as it relates to gym membership, this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that documents relating to these services have nothing to do with the virtual spokesperson for franchise marketing. By way of further answer and without waiver, Defendant Extreme Gym, Inc. does not have a third-party service or software to track customer leads as it relates to the franchises or as it relates to clients/members.  It does maintain the information of names and emails of potential franchise owners when those individuals enter their information on the contact page and that information then goes to the e-mail of Defendants.

-16-

**See documents relating to the list of individuals that provided information in the "Contact Us" dialogue boxes.**

54. Any documents identifying any third party service or software you use to track customer or client referrals.

ANSWER: **See response to request 53.**

55. Any documents identifying any internal software you use to track customer or client leads.

ANSWER: **See response to request 53.**

56. Any documents identifying any internal software you use to track customer or client referrals.

ANSWER: **See response to request 53.**

57. Any documents explaining or describing how you track customer leads and referrals from your website.

ANSWER: **See response to request 53. By way of further answer, Answering Defendant does not use special software to track potential customers for the franchise business and currently, there are only four (4) franchise customers.**

58. Any documents explaining or describing how you track client leads and referrals from your website.

ANSWER: **See response to request 53.**

59. Any documents tracking client referrals from your website during the relevant time frame.

**ANSWER:** **See response to request 53.**

60. Any documents tracking client leads from your website during the relevant time frame.

**ANSWER:** **See response to request 53.**

61. Any documents tracking customer referrals from your website during the relevant time frame.

**ANSWER:** **No documents exist in response to this request because there have not been any customer referrals.**

62. Any documents tracking customer leads from your website during the relevant time frame.

**ANSWER:** **No documents in response to this request.**

63. Any documents tracking sales from your website during the relevant time frame.

**ANSWER:** **See attached four (4) Franchise Agreements.**

64. Any documents evidencing the conversion rate of your website during the relevant time frame.

**ANSWER: Objection because this request is overly broad in time and scope, unduly burdensome, sought for the purposes of harassment or embarrassment, and not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer and without waiver of said objections, Defendants can only derive this information by viewing records from Goggle Analytics pertaining to the websites www.extremegymfranchise.com and www.extremegym.com. Records from Google Analytics, from 2010 through October 201 are attached. (See documents bates stamp Extreme Gym 163-173).**

65. Any documents tracking the purchase or goods or services from your website during the relevant time frame.

**ANSWER: See response to request 63.**

66. Documents evidencing the time frame when a web spokesperson video played on your website.

**ANSWER: No documents exist in response to this request because the virtual spokesperson video never played on the websites of Defendants.**

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendants*
*Extreme Gym, Inc. and David Wainwright*

Date: 2/17/2015

## CERTIFICATE OF SERVICE

David J. Shannon, Esquire and Jonathon E. Cross, Esquire, hereby certify that on

the below date we served the foregoing document to the counsel for Plaintiff by

electronic mail upon the following:

Leonard Zoftis, Esquire
Law Offices of Leonard B. Zoftis
12030 Bustleton Avenue
Philadelphia, PA 19116

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

DAVID J. SHANNON, ESQUIRE
JONATHON E. CROSS, ESQUIRE
*Attorneys for Defendants*
*Extreme Gym, Inc. and David Wainwright*

Date: 12/17/2015
LEGAL/101973786.v1